YUKON ALASKA TRUST, BY WILLIAM LOEB, JR., CHARLES EARL, ROGER W. STRAUS AND WILLIAM E. BENNETT, TRUSTEES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 34161.   Promulgated July 8, 1932.

*Hugh Satterlee, Esq., Albert S. Lisenby, Esq.,* and *I. Herman Sher, Esq.,* for the petitioner.

*Bruce A. Low, Esq.,* and *F. L. Van Haaften, Esq.,* for the respondent.

639

**OPINION.**

GOODRICH: In view of the provisions of section 704 (a), Revenue Act of 1928, petitioner is not taxable as an association for the years 1920 and 1921 if it filed its returns for those years as a trust and if, at the time the returns were filed, it was considered to be taxable as a trust under the regulations or under a ruling of the Commissioner or an officer of the Bureau of Internal Revenue, applicable to those years, interpretative of any provision of the revenue acts under which the returns were filed, and then in force.

This petitioner did file its returns for the years before us as a trust on the usual forms furnished for the use of fiduciaries, for we regard as controlling the original returns voluntarily filed, not the amended returns later submitted in response to respondent's demand. At the time the original returns were filed the effective rulings of the Bureau (the regulations being silent except as to a trust holding real estate, which petitioner did not) laid the rule that the taxability of a trust

as an association depends upon the extent of the powers of the holders of the beneficial interests to regulate the management of the affairs of the trust—that, where the beneficiaries had parted with the control of the operation and properties of the trust and the conduct and actions of the trustees, the trust was taxable as such, and not as an association. *E. A. Landreth Co.*, 15 B. T. A. 655; *Wilkins & Lange*, 15 B. T. A. 1183; *Woodrow Lee Trust*, 17 B. T. A. 109; *Van Cleve Trust*, 18 B. T. A. 486; *Commercial Trust Co.*, 18 B. T. A. 1248; *Twin Bell Oil Syndicate*, 26 B. T. A. 165.

Under the terms of the deed of trust the trustees here were vested with " the exclusive control and management " of the trust. The beneficiaries had parted with power to control the trust or the actions of the trustees, their rights being limited to the receipt of distributions, the replacement of trustees in event of the failure of the remaining trustees to fill vacancies, and the power, upon the vote of three-fourths of the interests, to terminate the trust. It is clear, therefore, that under the rulings in force at the time the returns for 1920 and 1921 were filed, petitioner was not taxable as an association and, having filed its returns for those years as a trust, this case falls squarely under the provisions of section 704 (a) of the 1928 Act. Respondent erred in denying petitioner classification as a fiduciary and in classifying it as an association.

But respondent urges that, even though petitioner be held to be a trust, its income, whether distributed or not, is taxable under the provisions of section 219 (a) (4) of the Revenue Act of 1918, and subdivision (e) of the same section of the Revenue Act of 1921, for the reason that the trust instrument did not require a periodic distribution, this matter being left to the discretion of the trustees, who in the exercise of that discretion made no distribution for several years, including a part of the year 1920 and the entire year 1921.

Because of our desire to bring the case to a conclusion, we will consider this alternative affirmative issue advanced by respondent, passing over certain objections (which are not without merit) made by petitioner respecting the allegations in the amended answer by which respondent seeks to raise this issue.

The provision of the deed of trust relating to distributions by the trustees we have set out in full in our findings of fact, but we repeat here that part which respondent urges serves as a basis for his contention because ambiguous:

* * * the Trustees shall from time to time, and at least once in every year, distribute and pay such portion of the net income or proceeds of the property and securities held by them as such Trustees, *as they may deem proper to be so distributed and paid* * * *. [Italics ours.]

The italicized phrase, respondent argues, leaves within the dis-cretion of the trustees the question of whether any distribution

whatever should be made, and thus nullifies the prior requirement that a distribution shall be made at least once in each year. Petitioner, pointing out that the deed of trust contains no specific instruction concerning the accumulation of income by the trustees, explains that the italicized phrase refers not to distributions of income except so far as the amount thereof is concerned so long as some distribution is made at least once each year, but to distributions of the proceeds of the property and securities, an interpretation which is supported by a contemporaneous construction of the parties as evidenced by the following sentence contained in the circular letter sent to the stockholders of the Guggenheim Exploration Company under date of February 4, 1916:

> The Trustees are to make distributions at least annually among the holders of certificates of beneficial interest of the net income realized from the trust fund and, in their discretion, of the whole or any part of the proceeds of any of the property or securities constituting the trust fund which may be sold, collected or received by them, irrespective of the fact that such proceeds may constitute a part of the principal of the trust funds.

However, there is yet a stronger reason for rejecting respondent's construction of this instruction to the trustees, which would permit, if not direct, them to accumulate the income of the trust. This trust was created for the lives of the two persons named in the instrument and all of its property was personal property. Under the laws of the State of New York the accumulation of income of personal property upon trust for any period of time and for future distribution is unlawful, except for the benefit of a minor, and certain other particular purposes authorized by statute and not here material. Sec. 16, Personal Property Law of the State of New York; *Kalich* v. *Kalich*, 166 N. Y. 368; *Hascall* v. *King*, 162 N. Y. 134. It follows that, since the income of this trust could not lawfully be permitted to be held for future distribution, either we must hold the trust to be one in which the income was to be distributed periodically or we must hold it to be invalid to the extent that it provided for the accumulation of income. Cf. *Margaret B. Sparrow et al., Trustees*, 18 B. T. A. 1; *Albert J. Appell*, 10 B. T. A. 1225; *Estate of Henry Mayer*, 16 B. T. A. 1164.

We are unwilling to declare the trust invalid, for we recognize that where the provisions of the trust agreement are capable of two constructions, that should be adopted which renders the trust legal and valid. *Equitable Trust Co.* v. *Miller*, 197 App. Div. (N. Y.) 391. It is true that the trustees suspended distributions, but from the evidence before us it is apparent that they discontinued not because they were authorized to accumulate the income, but because, on a basis of actual receipts, they had no funds from which distributions could be made. We hold, therefore, that this trust was one in which the

income was to be distributed periodically and, under the provisions of section 219(a) (4) of the Revenue Act of 1918 and subdivision (d) of the same section of the Revenue Act of 1921 its income, whether distributed or not, was taxable to its beneficiaries.

*Judgment will be entered for petitioner.*